[747 NYS2d 43]

In the Matter of ROBERT N. SCHUTZ (Admitted as ROBERT NICHOLS SCHUTZ), an Attorney, Resignor.

Second Department, September 9, 2002

**APPEARANCES OF COUNSEL**

*Spinola & Mirotznik, P.C.,* East Meadow (*Michael B. Mirotznik* of counsel), for resignor.

*Robert P. Guido,* Syosset (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Robert N. Schutz has submitted an affidavit dated February

27, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Schutz was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department, on January 19, 1983, under the name Robert Nichols Schutz. By decision and order of this Court dated February 19, 2002, that branch of the petitioner's motion which sought to suspend the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (i) based upon his obstruction of the petitioner's legitimate function in its investigation of two separate sua sponte complaints was denied. The remainder of the motion was granted to the extent of directing the respondent to appear at the petitioner's offices within 20 days after service upon him of the order, to give testimony with respect to the pending complaints, and to bring with him all pertinent books and records.

Mr. Schutz has been advised by the petitioner that its ongoing investigation has resulted in allegations of professional misconduct which would be prosecuted in a disciplinary proceeding against him. Mr. Schutz concedes that from early 1999 through mid-2001 he failed to maintain required bookkeeping records for his escrow account and, in four instances, failed to withdraw funds from his escrow account in the manner required by Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). As a result of his failure to properly monitor his escrow account on an ongoing basis, the respondent failed to preserve a $16,500 down payment check with which he was entrusted on or about March 23, 2001, in connection with the sale of his condominium. Consequently, a check drawn on his escrow account and payable to the title company at the closing was dishonored for insufficient funds. The title company was subsequently paid with replacement funds. Mr. Schutz further acknowledges his failure to cooperate with the petitioner's ongoing investigation.

Mr. Schutz avers that his resignation is freely and voluntarily rendered and that he is not being subject to coercion or duress. He has discussed his decision to resign with his attorney and other persons whose advice and counsel he respects, and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The proffered resignation is submitted subject to an application which might be made by the petitioner for an order directing restitution and reimbursement of the Lawyers' Fund for

Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Schutz acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition.

The petitioner urges the acceptance of the proffered resignation.

Inasmuch as the respondent's resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Robert N. Schutz is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and TOWNES, JJ., concur.

Ordered that the resignation of Robert N. Schutz is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert N. Schutz is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert N. Schutz shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert N. Schutz is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.